# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**NICOLE TRIMM**,

  *Plaintiff,*

  v.

**EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., JPMORGAN CHASE BANK, N.A.,** *and* **TRANS UNION LLC,**

  *Defendants.*

Case No: 8:24-cv-1370


**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

 **COMES NOW** the Plaintiff, Nicole Trimm ("**Ms. Trimm**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, Equifax Information Services, LLC ("**Equifax**"), Experian Information Solutions, Inc. ("**Experian**"), JPMorgan Chase Bank, N.A. ("**Chase**"), and Trans Union LLC ("**Trans Union**"), (collectively, the "**Defendants**"), stating as follows:

## PRELIMINARY STATEMENT

 1. This is an action brought by Ms. Trimm against all Defendants for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

## JURISDICTION AND VENUE

 2. Subject matter jurisdiction arises under 28 U.S.C. § 1331, as the FCRA is a federal statute.

3.      The Defendants are subject to the jurisdiction of this Court pursuant to §
48.193, Fla. Stat., and Fed. R. Civ. P. 4(k).

4.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C.
§ 1391(b)(2), because the acts complained of were committed and/ or caused by the
Defendants within the Middle District of Florida.

## PARTIES

5.      Ms. Trimm is a natural person who at all times relevant has resided in
Polk County, Florida and whose domicile is in Lakeland, Polk County, Florida.

6.      Ms. Trimm is a Consumer as defined by 15 U.S.C. § 1681a(c).

7.      Chase is an Ohio National Association whose Florida registered agent is
CT Corporation Systems, 1200 South Pine Island Rd., Plantation, FL 33324.

8.      Chase is a furnisher of information to multiple Consumer Reporting
Agencies ("CRAs"), including Defendants Equifax, Experian, and Trans Union, in
that it regularly reports account data on both consumer and commercial business credit
lines.

9.      Equifax is a Georgia limited liability company, with a principal business
address of 1550 Peachtree Street NW, H-46, Atlanta, GA 30309.

10.     Equifax is registered to conduct business in the State of Florida, where
its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee,
FL 32301.

11.     Experian is an Ohio corporation with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

12.     Experian is registered to conduct business in the State of Florida, where its registered agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 32301.

13.     Trans Union is a Delaware limited liability company, with a principal business address of 555 West Adams Street, Chicago, IL 60661.

14.     Trans Union is registered to conduct business in the State of Florida, where its registered agent is, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

15.     Experian, Equifax, and Trans Union are all CRAs within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that they, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and use various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

16.     In October 2020, Ms. Trimm, in her capacity as the Managing Member of Swan Business Solutions, LLC ("Swan Business Solutions") opened a Chase INK Business Preferred® Visa credit card ("Chase INK").

17.    The Chase INK account was opened by Ms. Trimm for her company, Swan Business Solutions.

18.    The Chase INK card is a business credit card and not available to individual consumers. **SEE PLAINTIFF'S EXHIBIT A.**

19.    As the Chase INK card is a business credit card, Chase, in almost all circumstances, does not report tradeline data to the defendant CRAs, as the account is issued in the name of the business, not the consumer.

20.    However, at some point Chase apparently adopted a policy of reporting Chase INK business cards to the Defendant CRAs if the account went 30 days or more past-due.

21.    This is often referred to as "negative-only" reporting.

22.    The Defendant CRAs all require their furnishers of data to comply with Metro 2 reporting guidelines.

23.    The *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("CDIA"), a trade association representing the Defendant CRAs, instructs furnishers of data to report an ECOA code of "1" meaning "individual" when the account is both a consumer account (e.g. non-commercial) and no other persons, natural or otherwise, are jointly liable.

24.    If a data furnisher reports an account which is commercial, and is personally-guaranteed by a particular person, then Metro 2 guidelines require the

furnisher to report the account with an ECOA code of "W" or "business/commercial."

25.     Around April 2023, Chase alleged payment on the Swan Business Solutions Chase INK account was more than 30 days past due and began reporting the tradeline to the CRAs as an ***individual*** account, rather than a business/commercial account to the CRAs. **SEE PLAINTIFF'S EXHIBIT B.**

26.     Chase's reporting of the Swan Business Solutions Chase INK account as an individual, non-joint, non-commercial account was false.

27.     Chase also reported to Experian the account had been "reported since" September 2019, although the account was not opened until October 2020 – a logical impossibility. *Id*.

28.     Many commercially-used credit scores, including FICO® credit scores, heavily consider the ECOA code when calculating a consumer's credit score.

29.     Depending on which ECOA code is reported, a credit score may ignore the tradeline completely (be it positive or negative) or weigh it less-heavily.

30.     Thus, Chase's reporting of the Swan Business Solutions Chase INK account as an individual, non-joint, non-commercial account was *materially* false, since the use of a false ECOA code impacted Ms. Trimm's credit scores.

31.     Further, any reasonable reader of her reports would conclude she had become delinquent on a personal obligation, rather than a corporate one.

32.     In November 2023, Chase reported the account as "60 days past due" despite it apparently not being 30 days past due the previous month. *Id.*

33.     In December 2023, Ms. Trimm disputed Chase's information to Experian, stating the account was a corporate account, that Chase INK accounts cannot be consumer accounts, that the account related to Swan Business Solutions, and that the 60-day late payment history for November 2023 was disputed.

34.     Experian, upon receipt of Ms. Trimm's dispute, sent Chase an *Automated Consumer Dispute Verification* Request ("ACDV") through a system known as e-OSCAR, requesting that Chase make a reasonable investigation into the dispute.

35.     Chase responded to the ACDV and indicated that the Chase Account belonged to Ms. Trimm, was a consumer account/non-business account, and that no change to its reporting of any kind should be made.

36.     Chase failed to instruct the CRAs to report a Metro 2 Compliance Condition Code ("CCC") of "XB" meaning "account information disputed by consumer," or even "XC" ("completed FCRA investigation—consumer disagrees").

37.     Failing to report a CCC of "XB" or "XC" has significant consequences for the consumer, including the fact that many consumer credit scores, including almost all versions of FICO®, the most commonly-used credit scores in the nation, will disregard accounts credit card accounts reported with an "XB" or "XC" CCC.

38.     Chase failed to conduct a reasonable investigation into Ms. Trimm's dispute, as any reasonable investigation would have concluded the Account was a

business/commercial account, and at the absolute minimum, needed to be updated as disputed if it was going to report as an individual/consumer account.

39.    Ms. Trimm also disputed Chase's reporting to Equifax and Trans Union, describing in detail that the account is a business account erroneously reported as individual/consumer, and that the 60-day late payment rating was not accurate.

40.    Ms. Trimm supplied a copy of a December 2023 billing statement, showing the statement issued to her as an officer of Swan Business Solutions LLC, 210 S. Florida Ave., Suite 210, Lakeland, FL 33801.

41.    The address 210 S. Florida Avenue in Lakeland is a non-residential, office building.

42.    Equifax and Trans Union, just as Experian did, sent Chase ACDVs, requesting that Chase investigate Ms. Trimm's dispute.

43.    Chase returned the ACDVs and confirmed its reported information was accurate, including the "individual/consumer" designation.

44.    Chase failed to update its reporting to indicate the data was disputed by Ms. Trimm.

45.    Equifax and Trans Union accepted the results of Chase's investigation and continued to incorporate the data furnished to them by Chase into Ms. Trimm's credit file.

46.    Ms. Trimm again disputed the Chase tradeline to Trans Union in March 2024.

47.     The March 2024 dispute again resulted in Chase verifying its information as accurate, around April 10, 2024. **SEE PLAINTIFF'S EXHIBIT C.**

48.     Trans Union again accepted Chase's investigation results.

49.     Yet another dispute, once again including a copy of a billing statement showing Swan Business Solutions' name and address, resulted in verification by Chase, around May 15, 2024.

50.     Chase – the issuer of the Chase INK account – had all relevant account-level documents in its possession when it made its investigations.

51.     Chase should have easily been able to determine that Ms. Trimm's account was a business/corporate account, not an individual/consumer account, especially considering Chase is aware it ***does not have*** a consumer version of its INK accounts.

52.     Chase was intentionally and willfully reporting false information specifically to damage Ms. Trimm's credit reports and scores and to encourage prompt payment of her alleged past-due account, as evidenced by its policy of reporting only accounts which develop payment problems.

## CRA's Investigations Were Not Reasonable

53.     The FCRA requires that each CRA conduct its own investigation of a consumer dispute. 15 U.S.C. § 1681i.

54.     Thus, upon receipt of Ms. Trimm's disputes of the Chase tradeline, Experian, Equifax, and Trans Union were each legally required to investigate the dispute.

55.     However, each CRA relied solely upon the ACDVs furnished to Chase and the responses thereto.

56.     For nearly 40 years, courts in this district have recognized that a CRA must make some independent reinvestigation of its own. *See Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F. Supp. 972 (M.D.Fla.1985).

57.     The CRAs' dispute resolution systems are structured to trust data furnishers over consumers when the two parties provide conflicting information, such as when a consumer provides a billing statement making clear an account is a business account, but the data furnisher returns an ACDV with an ECOA code of "1."

58.     The CRAs generate revenue by charging data furnishers to report accounts.

59.     The CRAs resolve disputes in favor of their furnishers because their furnishers generate revenue.

60.     Equifax, Experian, and Trans Union each failed to conduct a reasonable investigation into Ms. Trimm's disputes, as any reasonable investigation would have concluded that the Chase INK account appearing on Ms. Trimm's credit report was business/commercial, and not individual/consumer.

61.     Likewise, Equifax, Experian, and Trans Union should have realized the reporting of an account as 60-days late while reported on-time the prior month was logically deficient.

62.     Experian, especially, had reason to question the reliability of Chase's reporting, since Chase reported phantom payment data from 2019 while also indicating the account was opened in October 2020.

63.     Further, Experian noted that the address Chase reported as associated with the Chase INK account – 2500 Drane Field Rd., Suite 101, Lakeland, FL 33811, that "this address has pertained to a business" in Ms. Trimm's consumer disclosure. **SEE PLAINTIFF'S EXHIBIT D.**

64.     Chase did not provide any of the CRAs with any statement or evidence which carries the same weight as a monthly periodic statement showing the statement was issued to a company, which Ms. Trimm provided.

65.     All of the Defendant CRAs have sold reports concerning Ms. Trimm which contain the "consumer" Chase INK tradeline.

66.     The Chase INK tradeline is the only account on Ms. Trimm's credit reports containing any kind of late payment history; her credit is, otherwise, perfect.

67.     Ms. Trimm has spent considerable time attempting to force the Defendants to comply with the obligations under the FCRA as a direct result of Chase's inaccurate and purportedly non-disputed tradelines haunting her report.

68.     Ms. Trimm has suffered significant economic injuries as her ability to obtain further credit for herself, personally, and her business have been adversely impacted by the Defendants' behaviors.

69.     Ms. Trimm has repeatedly applied for a mortgage with Central Lending, LLC.

70.     As a result of the errant Chase tradeline on her report, Ms. Trimm has been unable to move forward with her mortgage application.

71.     Ms. Trimm has also suffered emotional distress from this frustrating and protracted series of events.

72.     Ms. Trimm has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

**COUNT I**
**CHASE'S WILLFUL VIOLATIONS OF THE**
**FCRA, 15 U.S.C. § 1681s-2(b)**

73.     Ms. Trimm hereby incorporates paragraphs 1 – 72 as if fully stated herein.

74.     Chase violated **15 U.S.C. § 1681s-2(b)** when it failed, on at least six separate occasions, to conduct a reasonable investigation after receiving notice of dispute of the Account from Experian, Equifax and/or Trans Union, as any reasonable investigation would have concluded that the Account could not be verified as accurate, as it was clearly a business/corporate account, not individual/consumer and no 60-day late occurred in November 2023.

75.    Chase's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

76.    Chase's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Ms. Trimm.

77.    Accordingly, pursuant to 15 U.S.C. § 1681n, Chase is liable to Ms. Trimm for the greater of her actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Trimm respectfully requests this Honorable Court to enter judgment against Chase for:

a.    The greater of statutory damages of $1,000 per incident or Ms. Trimm's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

**COUNT II**
**CHASE'S NEGLIGENT VIOLATIONS OF THE**
**FCRA, 15 U.S.C. § 1681s-2(b)**
**(Plead in the Alternative to Count I)**

78.    Ms. Trimm hereby incorporates paragraphs 1 – 72 as if fully stated herein.

79.     Chase violated **15 U.S.C. § 1681s-2(b)** when it failed on at least six separate occasions, to conduct a reasonable investigation after receiving notice of dispute of the Account from Experian, Equifax and/or Trans Union, as any reasonable investigation would have concluded that the Account could not be verified as accurate, as it was clearly a business/corporate account, not individual/consumer and no 60-day late occurred in November 2023.

80.     Chase owed Ms. Trimm a legal duty to reasonably investigate her disputes.

81.     Chase breached this duty when it verified its reported information as accurate, and without indicating Ms. Trimm disputed the information.

82.     Chase's conduct was therefore negligent, and pursuant to 15 U.S.C. § 1681o, Chase is liable to Ms. Trimm for her actual damages, as well as her reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Trimm respectfully requests this Honorable Court to enter judgment against Chase for:

a.     Ms. Trimm's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.     Such other relief that this Court deems just and proper.

**COUNT III**
**EXPERIAN'S WILLFUL VIOLATIONS OF THE**
**FCRA, 15 U.S.C. § 1681i(a)(1)(A)**

83.   Ms. Trimm hereby incorporates paragraphs 1 – 72 as if fully stated herein.

84.   Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into disputes of the Chase tradeline by Ms. Trimm, since any reasonable investigation would have concluded that the Chase account was a business/corporate account and was not 60-days late in November 2023.

85.   Experian's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

86.   Experian's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Ms. Trimm.

87.   Accordingly, pursuant to 15 U.S.C. § 1681n, Experian is liable to Ms. Trimm for the greater of her actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Trimm respectfully requests this Honorable Court to enter judgment against Experian for:

a.   The greater of statutory damages of $1,000 per incident or Ms. Trimm's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT IV
## EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A) (Plead in the Alternative to Count III)

88.    Ms. Trimm hereby incorporates paragraphs 1 – 72 as if fully stated herein.

89.    Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into disputes of the Chase tradeline by Ms. Trimm, since any reasonable investigation would have concluded that the Chase account was a business/corporate account and was not 60-days late in November 2023.

90.    Experian owed Ms. Trimm a legal duty to reasonably investigate her disputes.

91.    Experian breached this duty when it verified the Chase account as accurate, and without indicating Ms. Trimm disputed the information.

92.    Experian's conduct was therefore negligent, and pursuant to 15 U.S.C. § 1681o, Experian is liable to Ms. Trimm for her actual damages, as well as her reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Trimm respectfully requests this Honorable Court to enter judgment against Experian for:

a.    Ms. Trimm's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.      Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C.

§1681o(a)(2); and,

c.      Such other relief that this Court deems just and proper.

### COUNT V
### TRANS UNION'S WILLFUL VIOLATIONS OF THE
### FCRA, 15 U.S.C. § 1681i(a)(1)(A)

93.      Ms. Trimm hereby incorporates paragraphs 1 – 72 as if fully stated herein.

94.      Trans Union violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into disputes of the Chase tradeline by Ms. Trimm, since any reasonable investigation would have concluded that the Chase account was a business/corporate account and was not 60-days late in November 2023.

95.      Trans Union's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

96.      Trans Union's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Ms. Trimm.

97.      Accordingly, pursuant to 15 U.S.C. § 1681n, Trans Union is liable to Ms. Trimm for the greater of her actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Trimm respectfully requests this Honorable Court to enter judgment against Trans Union for:

a.  The greater of statutory damages of $1,000 per incident or Ms. Trimm's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.  Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d.  Such other relief that this Court deems just and proper.

## COUNT VI
## TRANS UNION'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)
## (Plead in the Alternative to Count V)

98.  Ms. Trimm hereby incorporates paragraphs 1 – 72 as if fully stated herein.

99.  Trans Union violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into disputes of the Chase tradeline by Ms. Trimm, since any reasonable investigation would have concluded that the Chase account was a business/corporate account and was not 60-days late in November 2023.

100.  Trans Union owed Ms. Trimm a legal duty to reasonably investigate her disputes.

101.  Trans Union breached this duty when it verified the Chase account as accurate, and without indicating Ms. Trimm disputed the information.

102.   Trans Union's conduct was therefore negligent, and pursuant to 15 U.S.C. § 1681o, Trans Union is liable to Ms. Trimm for her actual damages, as well as her reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Trimm respectfully requests this Honorable Court to enter judgment against Trans Union for:

a.   Ms. Trimm's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.   Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681o(a)(2); and,

c.   Such other relief that this Court deems just and proper.

### COUNT VII
### EQUIFAX'S WILLFUL VIOLATIONS OF THE
### FCRA, 15 U.S.C. § 1681i(a)(1)(A)

103.   Ms. Trimm hereby incorporates paragraphs 1 – 72 as if fully stated herein.

104.   Equifax violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into disputes of the Chase tradeline by Ms. Trimm, since any reasonable investigation would have concluded that the Chase account was a business/corporate account and was not 60-days late in November 2023.

105.   Equifax's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

106.   Equifax's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable

investigations, and its policies could reasonably be foreseen to cause harm to Ms. Trimm.

107.    Accordingly, pursuant to 15 U.S.C. § 1681n, Equifax is liable to Ms. Trimm for the greater of her actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Trimm respectfully requests this Honorable Court to enter judgment against Equifax for:

a.    The greater of statutory damages of $1,000 per incident, or Ms. Trimm's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

### COUNT VIII
### EQUIFAX'S NEGLIGENT VIOLATIONS OF THE
### FCRA, 15 U.S.C. § 1681i(a)(1)(A)
### (Plead in the Alternative to Count VII)

108.    Ms. Trimm hereby incorporates paragraphs 1 – 72 as if fully stated herein.

109.    Equifax violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into disputes of the Chase tradeline by Ms. Trimm, since any reasonable investigation would have concluded that the Chase account was a business/corporate account and was not 60-days late in November 2023.

110.    Equifax owed Ms. Trimm a legal duty to reasonably investigate her disputes.

111.    Equifax breached this duty when it verified the Chase account as accurate, and without indicating Ms. Trimm disputed the information.

112.    Equifax's conduct was therefore negligent, and pursuant to 15 U.S.C. § 1681o, Equifax is liable to Ms. Trimm for her actual damages, as well as her reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Trimm respectfully requests this Honorable Court to enter judgment against Equifax for:

a.    Ms. Trimm's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Ms. Trimm hereby demands a trial by jury on all issues so triable.


Respectfully submitted on June 4, 2024, by:


**SERAPH LEGAL, P. A.**

/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar Number: 119168
BGeiger@seraphlegal.com
2124 W. Kennedy Blvd., Suite A.
Tampa, FL 33606
Tel: 813-567-1230 (Ext: 303)
Fax: 855-500-0705
*Counsel for Plaintiff*

**<u>ATTACHED EXHIBIT LIST</u>**

A      Chase's Business Card Offerings - Excerpt
B      Ms. Trimm's Experian Disclosure, May 25, 2024, Chase Tradeline
C      Trans Union's Dispute Results, April 11, 2024 - Excerpt
D      Ms. Trimm's Experian Disclosure, May 25, 2024, Addresses Excerpt